## Teeter et al. v. Poe.

1. *Continuance—Want of Copy of Instrument Sued on.*—A motion for a continuance upon the ground that no copy of the instrument sued on is filed with the declaration, comes too late after pleas filed in bar.

2. *Variance—Copy Filed and Note Offered in Evidence.*— Where the note offered in evidence agreed with the copy filed with the declaration in date, names of parties, amount, time of maturity and rate of interest in substance and legal effect, *it was held* that such verbal differences were too immaterial to support an objection to its admission as evidence on the ground of a variance.

3. *Promissory Notes — Possession by Maker — Presumption of Payment.*— Possession unexplained by the maker of a promissory note is *prima facie* evidence of payment; but when the evidence shows the circumstances, manner and means of obtaining the possession, the presumption or inference of payment, if any, must come from these and not from the mere fact of possession. If they show it was wrongfully delivered by a party to whom the payee had intrusted it for another and different purpose, such possession is no evidence of payment.

4. *Instruction Immaterial Error.*—In an action upon a promissory note, the court instructed the jury, for the plaintiff, that if they believed from the evidence that plaintiff was the grandmother of defendant, Charles Teeter's wife, and resided with defendant, Charles Teeter, and was

treated as a member of the family, then they must be satisfied from the evidence that at the time plaintiff so resided with the said defendant, it was expected by both parties that plaintiff should pay her board, or that the circumstances under which the board was furnished were such that such expectation was reasonable and natural, or that there was an expressed contract on the part of plaintiff to pay her board, and if the jury are not so satisfied from the evidence, the defendants should be allowed nothing by way of set-off. *It was held* that the instruction called for a higher degree of proof on the part of the defendants than the law required, and had the evidence been at all close upon the question of set-off, the court might have felt constrained to hold the giving of the instruction material error, and sufficient ground for reversing the case.

Memorandum.—Action on a promissory note. Appeal from a judgment in favor of appellee for $460, rendered by the Circuit Court of McLean County; the Hon. CHARLES STARR, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1891, and affirmed. Opinion filed October 31, 1892.

## APPELLEE'S STATEMENT OF THE CASE.

The appellee, some ten or twelve years ago, was the owner of forty acres of land, her homestead, in McLean county, worth at that time some $2,000; she was living on the place, with her grand-daughter, in comparative comfort. This property was all that she had to support herself and her grand-daughter. Charles Teeter, one of the appellants, at that time a young man, and a son of the other appellant, became acquainted with appellee's grand-daughter and solicited her hand, and was accepted in marriage. After the marriage she broke up housekeeping, moved her household furniture and such things as she had to the home of Teeter, and continued to live with him as one of the family until about a year ago, when his wife died. In the meantime Teeter had removed from Illinois, first to Kansas and afterward to Nebraska, and succeeded in running through all of the property that appellee had, he having in the meantime induced her to sell her homestead and let him have the money.

When this suit was instituted appellee had the note in suit, which was secured by the signature of Benjamin Teeter, and two other notes, which were offered in evidence, and were signed by Charles Teeter alone. These two latter notes

were worthless, although a suit had been instituted upon them in the court below. This suit, and the suit against Charles Teeter, stood side by side upon the docket, this suit being the first on the call. The same defense was interposed in both suits, namely, charge against appellee for board during the time she lived in the Teeter family, and payment. The charge against appellee for board, according to the bill of particulars, was some $2,000 in each case, the entire defense having been put in against this particular note.

KERRICK, LUCAS & SPENCER, attorneys for appellants.

JOHN E. POLLOCK and A. J. BARR, attorneys for appellee.

OPINION OF THE COURT, *the Honorable George W. Pleasants, Judge.*

The original declaration in this case consisted of a special count on a promissory note and the common counts, with which was filed the following as a copy of the instrument sued on:

       " DOWNS, ILL., August 27, 1885.

On the 10th day of June, 1886, we promise to pay Isabella A. Poe or order five hundred dollars with interest at the rate of eight per cent per annum from date.

                CHARLES TEETER,
                BENJAMIN TEETER."

The note intended was then in possession of the defendant, Benjamin Teeter. Plaintiff obtained a rule on him to produce it, and on its production, by leave of court, filed an additional count in which it was set out *in haec verba*, as follows:

           " DOWNS, August 27, 1885.

On the 10th day of June, 1886, we or either of us agree to pay to Mrs. Isabella A. Poe the sum of five hundred dollars and such interest as she may be liable to pay on a loan made by her of five hundred dollars for us. This note is given in lieu of former note given to her by us, and by her lost. And this note is in full discharge of that note, and the said Isabella A. Poe, by her acceptance of this note, guarantees that the former note, which is said to have been

Teeter v. Poe.

lost or stolen, was not and has not been by her assigned or in any manner transferred to any person or persons.

CHARLES TEETER,

BENJAMIN TEETER."

On the same day, October 5, 1891, the following steps were taken in the cause, which are set out in the abstract in the following order:

(1.) Plaintiff filed the additional count referred to.

(2.) Defendants filed, in addition to the plea of payment previously filed, two others in bar—one, that after the making of the note sued on, the plaintiff accepted another in full payment and discharge thereof; and the other, that Benjamin Teeter was only a surety on the note, and plaintiff knew it, and that she is indebted to Charles for goods, chattels, board, lodging, etc. (under the common counts).

(3.) Plaintiff *nol pros'd* the first count of her declaration.

(4.) Defendants entered a motion for continuance, on the ground that a copy of the instrument sued on was not filed with the declaration ten days before the term; which was overruled. The trial was begun October 13, 1891, and resulted in a verdict for plaintiff for $460. A motion for a new trial was denied, and judgment entered on the verdict.

It appears that in April, 1881, appellant, Charles Teeter, married a grand-daughter of appellee, then living with her, as she had been from early childhood, on a forty-acre tract which she owned near Leroy. He rented a small farm in the neighborhood, and upon the marriage they moved on it. Appellee went with them, taking along some household furniture. She was then about seventy-three years of age, and from that time until the death of Mrs. Teeter, in the spring of 1891, she continued to live with the family and to appear as a member of it. During that time they moved to and resided for awhile in De Witt County, Ill., then again in McLean, then in Kansas, then in Nebraska, and finally returned to McLean, in February, 1891. Teeter was a farmer, with but little means and an increasing family. His wife bore him five children, of whom four survived her. With

the duties, cares and disabilities to which she was necessarily subjected by these conditions, it is not to be believed, without clear and strong evidence, that her grandmother was either a boarder or a servant for wages in that family. No such evidence is found in the record.

Shortly after they left the farm near Leroy, appellee mortgaged her land for money to loan and which she did loan to Charles Teeter, taking therefor a note signed by his father as surety for him, which was lost, and in lieu of which the one in suit was given. Her mortgage debt bore interest at eight per cent. She afterward sold her equity of redemption, and loaned most of the proceeds to him, amounting together to $900, which she still holds, taking his note therefor.

It is said that the note here sued on was paid in cash by Benjamin Teeter. Upon that question the evidence was in substance as follows: In the fall of 1890, his crops having failed and his stock and implements being under chattel mortgage, Charles Teeter came to McLean County in an effort to raise means with which to pay his debts and get his family back. Appellee had previously sent this note to an attorney in Bloomington for collection. She also had some other small claims due from parties in McLean. While Charles was so there she sent him, unsolicited, the following: "Benedict, Neb., November 11, 1890. I hereby authorize Charles Teeter to collect my notes and accounts due me. Isabella A. Poe." Upon this as his authority he obtained the note from the attorney. He made no attempt to collect it of his father, but took it back to Nebraska, and retained it until he delivered it to his brother David as hereinafter stated, though he says she might have had it at any time if she had asked for it. In February, 1891, Benjamin Teeter sent David to Nebraska with something over $500 with instructions, as he says, to lift the note and not to pay out a dollar until he got it. The amount then due upon it was over $700, and how or why he expected to get it for less he did not state. David went to Nebraska, and without one word from appellee, except as represented

by Charles, paid out all the money on Charles' mortgage debts and for transportation of the family to McLean, and thereupon Charles delivered to him the note, which he on his return delivered to his father without any statement of the manner in which or the means by which he got it. Charles testified that she consented to the arrangement he made with David before any of the money was paid and to his delivery of the note at the time he delivered it. David testified that she and Charles' wife were in the room with them when it was delivered; that Charles said something to her about the note, but did not remember what it was, or that she said anything. He did not testify that she saw him deliver it. Appellee positively denied that she told Charles to deliver it, or knew that he did deliver it to David.

She was about eighty-three years of age at that time, and this note represented all the means she had—these notes against Charles, which were produced in evidence, being understood to be worthless. It is not pretended that a dollar of the money in David's hands was paid to her. There was a plea of accord and satisfaction interposed. Why the jury found for her and yet found only $460, we are at a loss to understand; but she does not complain of it.

The alleged errors are the overruling of the motion for continuance, the giving of the second instruction for the plaintiff, and the refusal of several asked by defendants.

We do not understand the motion was based on the idea that the note intended was the one set out in the additional count, and that there was no declaration on that note nor any copy of it, filed ten days before the term; but on the fact that what was filed with the original declaration as a copy was not a true copy of the one actually sued on. The language of the brief is: "It appears by the foregoing statement, and we think, that the copy of the note filed with the original declaration is not a copy of the note sued on. If that is so, it was error to overrule the motion," etc. This could have so appeared to the court when the motion was made, only upon the assumption that the note intended

by the first count was the one referred to in the additional count as that which had been lost, and in lieu of which, the one therein set forth had been accepted. But the court was not bound to assume it, nor could it properly do so unless the first count had then been *nol pros'd*. If the proceedings taken on October 5th were in the order set forth in the abstract, it had then been *nol pros'd*. But the same order showed that after the additional count was filed, defendants filed additional pleas in bar, and a motion for continuance on the ground stated is not in apt time after pleading in bar. McCarthy v. Mooney, 41 Ill. 300. Moreover, the note as set out in the additional count was substantially and almost literally the same as the copy filed with the first, with only the addition of a recital of fact and a guarantee of the payee which did not affect the obligation of the makers. In date, names of parties, amount, time of maturity and rate of interest—in substance and legal effect—the copy and note sued on were precisely the same, and the verbal differences were too immaterial to support an objection to its admission in evidence on the ground of variance. The copy fully advised defendants of the instrument relied on and intended to be proved, and the error, if it was an error, resulted in no surprise, embarrassment or injury to them.

Two of the refused instructions were to the effect that possession of the note by the maker constituted *prima facie* evidence of its payment. This is true of possession unexplained.

But where the evidence shows the circumstances, manner and means of obtaining it, the presumption or inference of payment, if any, must come from them and not from the mere fact of possession. If they show it was wrongfully delivered by a party to whom the payee had intrusted it for another and different purpose, such possession is no evidence of payment. And where the evidence of these circumstances is conflicting, the inference as to payment must be drawn from it alone, according to the preponderance, against the maker alleging payment, if the preponderance is not in his favor. In this case there was no evidence of payment.

We understand it to be still the law that payment of a debt of $700 can not be made with $500. The attempt was to show, not payment, but an accord and satisfaction, which was not pleaded; and as to that, the evidence was conflicting. We think these instructions were inapplicable to the case and misleading, and so were properly refused.

Two others were asked upon the hypothesis that plaintiff, at her request, lived and boarded with the defendant, Charles Teeter. Finding in the abstract no evidence of any such request, we think these also were rightly refused.

By the second instruction given for plaintiff, the jury were told that upon the hypothesis therein stated, they should allow the defendants nothing by way of set-off unless they were " satisfied from the evidence "— that both the parties expected plaintiff to pay for her board, or that under the circumstances such expectation was reasonable and natural, or that there was an express contract on her part to pay for it.

This called for a higher degree of proof on the part of defendants than the law required. Goosch v. Tobias, 29 App. 268, and cases there cited. Had the question as to the claim of set-off been at all close, upon the evidence, we might have felt constrained by these authorities to hold this error material and sufficient ground for reversing the judgment. But, as already intimated, we do not so regard it. Counsel are in error in supposing that the instruction applied also to the issue on the plea of payment, upon which it is claimed, with more plausibility, that the case was close, in the view which the court and counsel on both sides seem to have taken of payment, though we think there was none whatever tending to support a technical plea of payment.

The instruction as to the measure of proof required of defendants on that issue, which was the eighth and last, called for a preponderance only. If the jury, under proper instruction, had found that plaintiff was a boarder in the family, and chargeable as such, in our opinion it would have been the duty of the court to set it aside as clearly against the evidence, for the only evidence in support of it was the fact that

she lived with the family, while all the other circumstances — that she was the grandmother of Teeter's wife, and had filled the place of mother ever since the latter was seven years of age; that she lived with the family after her marriage because she asked her; that she sewed, washed, nursed, cared for the children as if they were her own, did general housework, moved with the family from place to place, and State to State, and this for ten years, without a charge or demand for board or for settlement, and for all the money Teeter got from her he gave his notes—sufficiently showed she was regarded by herself and by Teeter as a member of the family, not chargeable for board nor entitled to wages.

The only serious question of fact, and that not properly arising under the pleading, was whether she consented to the surrender or delivery of the note; and upon that the evidence was conflicting. We perceive no material error against appellants in the action of the court. Judgment affirmed.